IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TERRY PAUL BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-126 |
| | ) | |
| BRAD HOOKS, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Johnson State Prison in Wrightsville, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   SCREENING OF THE COMPLAINT**

   **A.   BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) Brad Hooks, Warden; (2) Cherie Price, Deputy Warden; (3) Sharon Lewis, Statewide Medical Director; (4) Dr. Caleb Ajibade; and (5) Dr. FNU Andrews-Bodi-N. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Defendants Ajibade and Andrews-Bodi-N prescribed Plaintiff Indomethacin.[1] (Id. at 6.) The medication caused skin to peel on Plaintiff's groin, feet, arm pits, and eyelids, urination problems, severe intestinal pain, gas, and diarrhea. (Id.) The peeling skin caused severe pain, particularly to Plaintiff's feet when he walked. (Id.) Plaintiff discovered these side effects of Indomethacin on July 3, 2014. (Id. at 5-6.) Plaintiff alleges Defendants Ajibade and Andrews-Bodi-N (1) negligently failed to inform him of Indomethacin's side effects even though they knew about Plaintiff's health problems, such as kidney failure, intestinal bypass, and mental problems; (2) violated their medical oaths to treat Plaintiff to the best of their ability; and (3) failed to follow medical protocol. (Id. at 6.)

Defendant Hooks violated Plaintiff's Eighth Amendment rights by failing "to make sure medical meets procedures concerning medication and side effects" and by not "acknowledging or enforcing [Plaintiff's] right to know" about the side effects of medication. (Id. at 5.) Defendant Lewis violated his Eighth Amendment rights by allowing medical to not "meet standards and procedures of oath" and "inform [Plaintiff] of side effects of medication." (Id.) Lastly, Defendant Price violated Plaintiff's Eighth Amendment rights by failing to (1) enforce Plaintiff's right to know the side effects of his medication and (2) make sure that protocol is being met by the medical department. (Id.)

Plaintiff seeks relief in the form of money damages. (Id. at 7.)

---

[1] Indomethacin is "in a group of drugs called nonsteroidal anti-inflammatory drugs" and "used to treat pain or inflammation caused by many conditions such as arthritis, gout, ankylosing spondylitis, bursitis, or tendinitis." Indomethacin, DRUGS.COM, http://www.drugs.com/mtm/indomethacin.html (last visited Jan. 27, 2015).

**B. DISCUSSION**

**1. Legal Standard for Screening.**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants Ajibade and Andrews-Bodi-N.

Plaintiff's allegations against Defendants Ajibade and Andrews-Bodi-N fail to state a claim upon which relief can be granted. To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant: (1) was subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th

4

Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.

Here, Plaintiff cannot satisfy the subjective element of deliberate indifference because he does not allege that Defendants Ajibade and Andrews-Bodi-N were subjectively aware of a serious risk that Indomethacin would cause Plaintiff to suffer from peeling skin, urination problems, severe intestinal pain, gas, or diarrhea. Nor does he allege they disregarded that risk. Indeed, courts consistently hold that a physician's failure to warn of possible side effects for prescribed medicine is, at most, mere negligence and not deliberate indifference. See, e.g., Burgess v. Mar, 395 Fed. App'x 368 (9th Cir. Sept.7, 2010); Jetter v. Beard, 130 Fed. App'x 523, 526 (3d Cir. May 5, 2005); Giles v. Walls, No. CA 0:10-959-DCN-PJG, 2011 WL 3471334, at *4 (D.S.C. July 18, 2011) report and recommendation adopted, No. CA 0:10-959 DCN, 2011 WL 3471557 (D.S.C. Aug. 8, 2011) aff'd, 463 F. App'x 193 (4th Cir. 2012) and report and recommendation

adopted, No. CIV. 0:10-959 DCN, 2011 WL 3625899 (D.S.C. Aug. 17, 2011) and aff'd, 463 F. App'x 193 (4th Cir. 2012) and subsequently aff'd, 463 F. App'x 193 (4th Cir. 2012); Jones v. Chandler, C/A No. 04–CV–1877 2005 WL 1941314, at *4 (E.D. Pa. Aug. 9, 2005)).

Plaintiff's allegation that Defendants failed to follow their oaths to treat him to the best of their ability also fails to state a claim for the same reason. Such a failure, at least in the factual context alleged by Plaintiff, amounts to no more than mere negligence. See Farrow, 320 F.3d at 1243; Harris, 941 F.2d at 1510.

For the same reason, Plaintiff's allegation that Defendants violated his Eighth Amendment rights by failing to follow an unspecified medical protocol requiring a discussion of potential side effects also fails to state a claim. Additionally, an allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations "are primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances) (citing Bingham, 654 F.3d at 1177-78). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against Defendants Ajibade and Andrews-Bodi-N.

### 3. Plaintiff Fails to State a Supervisory Claim Against Defendants Hooks, Price, and Lewis.

Plaintiff fails to state a claim against Defendants Hooks, Price, and Lewis because he is attempting to hold them liable merely because of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of

*respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold a defendant liable, Plaintiff must demonstrate that either (1) that defendant actually participated in the alleged constitutional violation, or (2) there is a causal connection between that defendant's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal

connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff's generalized and vague allegations that Defendant Hooks did not "make sure medical meets procedures" or enforce his "right to know" about the side effects of his medication fail to draw the necessary causal connection to any alleged constitutional violation. (Doc. no. 1, p. 5.) Plaintiff also cites to unspecified "procedures" about medication and side effects, without any allegation of widespread failure to follow the procedures. Accordingly, Plaintiff fails to state a claim upon which relief can be granted against Defendant Hooks.

For the same reasons, the similarly vague allegations against Defendants Lewis and Price also fail to state a claim.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of January, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA